IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY ANN RODRIGUEZ,

    Plaintiff,

    v.                                                                                          No. 12-cv-1285 SMV

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 17] ("Motion"), filed on August 12, 2013. The Commissioner responded on October 15, 2013. [Doc. 18]. Plaintiff replied on October 21, 2013. [Doc. 19]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") impermissibly failed to make findings on whether Plaintiff's cane was medically required, impermissibly failed to explain why he adopted portions of Dr. Kando's opinion but rejected others, and impermissibly failed to analyze Plaintiff's abilities on a function-by-function basis pursuant to Social Security Ruling ("SSR") 96-8p. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

## I.     Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.     Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III.   Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on September 17, 2009. Tr. 21. Plaintiff alleged a disability onset date of March 31, 2008. *Id.* Her claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ W. Thomas Bundy held a hearing on October 13, 2010, in El Paso, Texas. Tr. 21, 37–49. Plaintiff and her then-attorney Mark Hendricks, appeared in person.[3] Tr. 21, 39. The ALJ took testimony from Plaintiff and an impartial vocational expert ("VE"), Nicole B. King, who also appeared in person. Tr. 21, 39−48.

The ALJ issued his unfavorable decision on August 29, 2011. Tr. 21–28. At step one, he found that Plaintiff had not engaged in substantial, gainful activity since March 31, 2008, the alleged onset date. Tr. 23. Next, at step two, he found that Plaintiff suffered from the following severe impairments: osteoarthritis, degenerative disc disease, migraine headaches, and mild asthma. *Id.* At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 23–24.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 24–26. "[Plaintiff has] the [RFC] to perform light work as defined in 20

---

[3] Before this Court, Plaintiff is represented by attorneys Michael Armstrong and Francesca MacDowell.

[C.F.R. §§] 404.1567(b) and 416.967(b) except she must avoid concentrated exposure to extreme cold and vibration." Tr. 24.

At step four, the ALJ found that Plaintiff was not able to perform any of her past relevant work. Tr. 26. Accordingly, he proceeded to step five, where he relied on testimony by the VE to find that, based on Plaintiff's age, education, work experience, and RFC, she was capable of performing other jobs that exist in significant numbers in the national economy. Tr. 27.

Ultimately, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act, and he denied the claims. Tr. 27–28. The Appeals Council denied Plaintiff's request for review on October 24, 2012. Tr. 1−3. Plaintiff timely filed the instant action on December 11, 2012. [Doc. 1].

## IV. Analysis

The Motion will be granted, and the case will be remanded to the Commissioner for findings on whether Plaintiff's hand-held assistive device is medically required. Further, the Commissioner shall explain why certain portions of Dr. Kando's opinion were adopted but others were rejected. Finally, a function-by-function analysis of Plaintiff's abilities is required. Plaintiff's other claims are without merit.

### A. The treating physician records that Plaintiff cites are not inconsistent with the RFC.

Plaintiff argues that the ALJ erred in failing to explain why he rejected her treating doctors' opinions. [Doc. 17] at 12–15. Plaintiff acknowledges that these treating providers did not opine as to her functional limitations. *Id.* at 14. However, she cites to portions of their

5

records and argues that they made findings inconsistent with the ALJ's RFC assessment. *Id.* at 13–14 (citing 20 C.F.R. § 404.1513(b)). Thus, she argues that the ALJ was required to "explain why he failed to afford [these] findings and opinions any weight." *Id.* at 13. The Commissioner disagrees that the cited portions of the record constitute "findings" or "opinions." [Doc. 18] at 5–6. She characterizes them as "observations" instead, but she does not explain why the distinction matters. *Id.* The Court is not persuaded by Plaintiff's arguments.

The Court has reviewed the portions of the record to which Plaintiff cites. *See* [Doc. 17] at 12−13. These records do not conflict with the RFC. Accordingly Plaintiff fails to show that remand is warranted. *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) (rejecting the plaintiff's argument that the ALJ should have discussed the medical evidence because, *inter alia*, "none of the record medical evidence conflicts with the ALJ's conclusion that claimant can perform light work").

1. The Court sees no error in the ALJ's failure to discuss observations made by an agency employee.

In the Motion's section on the treating physician opinions, Plaintiff makes the additional argument that the agency's own employee noted that Plaintiff had trouble standing and walking, which was consistent with the treating doctors' notes. [Doc. 17] at 14. She argues that the ALJ was required to consider—and discuss—the evidence from the agency employee. *Id.* (citing 20 C.F.R. § 404.1529(c)(3) and SSRs 85-16 and 96-7p). Plaintiff concludes that the ALJ's failure to mention it was reversible error. *Id.* at 15. The Commissioner responds that the ALJ is not required to discuss every piece of evidence. [Doc. 18] at 9 (citing *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009)). The Commissioner is correct.

Generally, the ALJ's decision is adequate if it discusses the "uncontroverted evidence" the ALJ chooses not to rely on and any "significantly probative evidence" he decides to reject. *Wall*, 561 F.3d at 1067; *Haga v. Astrue*, 482 F.3d 1205, 1207 (10th Cir. 2007). Discussion of every piece of evidence is not necessary. *Id.* The Court sees no reversible error in the ALJ's failure to discuss the agency employee's observations.

### 2. The ALJ erred in failing to make a finding on whether Plaintiff's cane is medically required.

Also in the section on the treating physician opinions, Plaintiff argues that the ALJ erred in failing to analyze whether her cane was medically required to aid her in walking and standing or whether the cane affected her ability to lift and carry. [Doc. 17] at 15 (citing SSR 96-9p). She notes several places in the medical record that reflect her use of a cane. *Id.* at 4 (citing Tr. 270), 6 (citing Tr. 402), 7 (citing Tr. 316), 9 (citing Tr. 128). The Commissioner responds that the ALJ is not required to discuss every piece of evidence. [Doc. 18] at 9 (citing *Wall*, 561 F.3d at 1067). She points out that there is no record from Mountain View Pain Management Clinic or from Dr. Bradley showing that Plaintiff required the use of a cane. *Id.* at 8–9 (citing Tr. 349, 415 (Mountain View); Tr. 390, 396 (Dr. Bradley)). However, the Commissioner does not respond to the portions of the record that Plaintiff cites that *do* mention Plaintiff's cane. *See id.* Finally, the Commissioner highlights that the ALJ noted Plaintiff's testimony that she utilizes a cane. *Id.* at 9. The Commissioner argues that this was sufficient, and the ALJ was not required to discuss the cane further. *Id.* Plaintiff replies that the error was in the ALJ's failure "to analyze *whether the cane was medically required*." [Doc. 19] at 4 (citing SSR 96-9p). Plaintiff is correct.

7

Where there is "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing," a finding may be made that the device is required. SSR 96-9p, 1996 WL 374185, at *7; *see Staples v. Astrue*, No. 08-6225, 329 F. App'x 189, 191–92 (10th Cir. May 19, 2009) (unpublished) (finding harmless error where ALJ misapplied the rule because there was no medical documentation establishing the need for the plaintiff's cane). Such a finding—that a hand-held assistive device is required—matters because, for example, an individual who uses a hand-held assistive device may still be able to lift and carry with the other hand. SSR 96-9p, 1996 WL 374185, at *7. In such situations, "it may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to other work." *Id.*

Here, Plaintiff has cited to portions of the medical record that could establish her need to use a hand-held assistive device. [Doc. 17] at 4 (citing Tr. 270), 6 (citing Tr. 402), 7 (citing Tr. 316), 9 (citing Tr. 128). The Commissioner does not disagree. *See* [Doc. 18] at 8–9. Despite this evidence, the ALJ made no finding either way on whether Plaintiff's cane was medically required and, therefore, affected her RFC. This was error. The case will be remanded for findings on whether Plaintiff's cane is medically relevant to the calculation of her RFC.

### B. The ALJ impermissibly failed to explain why he adopted portions of Dr. Kando's opinion but rejected others.

Plaintiff argues that the ALJ relied on the portions of Dr. Kando's opinion that supported a finding of nondisability and impermissibly disregarded other portions that supported a finding of disability. [Doc. 17] at 16 (citing *Haga*, 482 F.3d at 1208 (prohibiting

ALJs from "picking and choosing" from medical opinions to adopt only those portions that support non-disability). She explains that Dr. Kando made several findings limiting the range of light work that Plaintiff could perform, such as postural limitations, but the ALJ did not adopt them. *Id.* (citing Tr. 340, 342). The Commissioner responds that the ALJ never indicated that he accepted Dr. Kando's entire opinion, and ALJs are not required to discuss every piece of evidence. [Doc. 18] at 10–11. Moreover, because the opinions of non-examining physicians are "entitled to the least weight of all," remand is not appropriate. *Id.* at 11 (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996)). Plaintiff replies that the Commissioner has failed to explain why the pick-and-choose prohibition does not apply. [Doc. 19] at 4–5. Plaintiff is correct.

"An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Haga*, 482 F.3d at 1208. In *Haga*, the Tenth Circuit held that the ALJ erred in failing to explain why he adopted some of a consultative examiner's ("CE's") restrictions but rejected others. *Id.* "[T]he ALJ did not state that any evidence conflicted with [the CE's] opinion or mental RFC assessment. So it is simply unexplained why the ALJ adopted some of [the CE's] restrictions but not others." The court, therefore, remanded "so that the ALJ [could] explain the evidentiary support for his RFC determination." *Id.*

Here, as in *Haga*, the ALJ adopted portions of the CE, Dr. Kando's, opinion but rejected other portions—without explanation. The Commissioner argues that the ALJ was not required to explain why he rejected portions of Dr. Kando's opinion because the ALJ never indicated

that he adopted the entire opinion. This argument is meritless for two reasons. First, the ALJ, indeed, indicated without qualification that he adopted Dr. Kando's opinion. *See* Tr. 26 (ALJ "accorded great weight to [Dr. Kando's and Dr. Pallin's] opinion(s).") More to the point, though, absent explanation, the ALJ was not entitled to pick and choose through Dr. Kando's opinion. If the ALJ intended to adopt only portions of Dr. Kando's opinion, as the Commissioner suggests, he was still required to explain why he adopted the portions that he did and why he rejected the portions that he did. Remand is warranted so that the ALJ can explain the evidentiary support for his RFC assessment.

### C. The ALJ was not required to consider Plaintiff's sleep apnea in making his RFC assessment.

Plaintiff argues that the ALJ impermissibly failed to make findings on the effects, if any, of her sleep apnea on her ability to perform work on a regular and continuing basis. [Doc. 17] at 17 (citing SSR 96-8p; *Fleetwood v. Barnhart*, No. 05-6373, 211 F. App'x 736, 740 (10th Cir. Jan. 4, 2007) (unpublished)). The Commissioner responds that Plaintiff's sleep apnea was "remedied with treatment," and thus, the ALJ was not required to make any findings regarding the condition. [Doc. 18] at 11–12. The Commissioner also argues that the RFC assessment necessarily means an assessment of the ability to perform work on a regular and consistent basis. *Id.* at 13. Thus, she concludes that the ALJ was not required to make an additional finding—beyond the RFC—on Plaintiff's ability to perform work on a regular and continuing basis. *Id.* Plaintiff replies that, in attempting to show that her sleep apnea is remedied, the Commissioner has engaged in an impermissible post hoc rationalization. [Doc. 19] at 5 (citing

*Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)). The Court is not persuaded by Plaintiff's arguments.

The ALJ did not find that Plaintiff's sleep apnea was a medically determinable impairment—much less a severe one at step two—which Plaintiff does not challenge. *See* [Doc. 17]. Accordingly, the ALJ was not required to consider sleep apnea in making his RFC assessment. *See* SSR 96-8p, 1996 WL 374184, at *2 ("[I]n assessing RFC, the adjudicator must consider only limitations and restrictions attributable to medically determinable impairments."). Remand is not appropriate on this issue because Plaintiff fails to show any error.

### D.  The ALJ was required to perform a function-by-function analysis.

Plaintiff argues that remand is warranted because the ALJ failed to provide "a function-by-function analysis" of her abilities. [Doc. 17] at 17 (citing SSR 96-8p). Plaintiff argues that the ALJ erred in failing to specifically discuss her ability to stand and to walk and the effect of her cane on her ability to lift and to carry. *Id.* at 18. The Commissioner responds that the ALJ's RFC assessment sufficiently reflects a function-by-function analysis because it refers to "light work," and light work is defined by express function-by-function limitations. [Doc. 18] at 14–15 (citing 20 C.F.R. §§ 404.1567(b), 416.967(b)). Plaintiff replies that the finding of light work cannot satisfy the requirement to perform a function-by-function analysis. [Doc. 19] at 6 (citing *Alexander v. Barnhart*, No. 02-5046, 74 F. App'x 23, 28 (10th Cir. Sept. 2, 2003) (unpublished) and *Southard v. Barnhart*, No. 02-7102, 72 F. App'x 781, 784 (10th Cir. July 28, 2003) (unpublished)). Plaintiff's argument is persuasive.

11

"The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . . Only after that may [the] RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. The purpose of requiring the function-by-function analysis *prior* to assigning an exertional level is to ensure that the ALJ does not overlook some of the claimant's limitations. *Id.* at 3–4. Such omission could cause numerous errors at steps four and five. *Id.* In this case, the ALJ was required to analyze Plaintiff's abilities on a function-by-function basis. *See id.* Plaintiff is correct that assigning an exertional level does not satisfy the requirement. *See id.* Remand is warranted for application of the correct legal standard, i.e. the function-by-function analysis.

E.  The ALJ had no duty to further develop the record.

Plaintiff argues that the ALJ impermissibly failed to order a consultative mental exam—i.e., failed to develop the record—on her depression, memory problems, fatigue, and pain. [Doc. 17] at 18–19. She argues that such development was necessary because she reported these issues to the agency and because Dr. Saiz, an orthopaedist, noted them, too. *Id.* (citing Tr. 144, 146–48, 162, 184–85, 187, 198, 285).[4] She further argues that a consultative physical

---

[4] Specifically, Plaintiff points out that on her September 24, 2009 Function Report, she wrote the following: "I sometimes 4 get [sic] to take my meds." Tr. 144. Regarding needing remainders, she wrote, "I have a big calendar or my niece reminds me—very forgetful." Tr. 146. When asked about problems getting along with family, friends, neighbors, or others, Plaintiff wrote, "We never got along." Tr. 147. Plaintiff reported that she must read written instructions "4 or 5 times" and that spoken instructions "have to be repeated don't remember [sic][.]" *Id.* In response to a question about noticing any unusual behavior or fears, Plaintiff responded "depressed—no job[,] no income[,] always on medications[.]" Tr. 148. In an undated Disability report, Plaintiff indicated "I have medications that keep me [sic] consentrating [sic]." Tr. 162. In a July 10, 2010 Function Report, Plaintiff wrote the following. In response to a question about needing reminders to take medication, she wrote, "'cause I forget." Tr. 184. Plaintiff cites to page 185, but the Court finds nothing there related to depression, memory loss, or lack of concentration. *See* Tr. 185. She further indicated, "[I] don[']t get along with sum [sic] of my family." Tr. 187. "I

exam was required because the ALJ "was skeptical of the other diagnoses in the record[.]" *Id.* at 19 (citing *Thompson v. Sullivan*, 987 F.2d 1482, 1491(10th Cir. 1993); *Hawkins v. Chater*, 113 F.3d 1162, 1166–67 (10th Cir. 1997)).  The Commissioner responds that the ALJ was not required to develop the record further because Plaintiff had not shown the existence of a severe impairment in the first place.  [Doc. 18] at 15–17 (citing *Hawkins*, 113 F.3d at 1167).  The Commissioner adds that the ALJ's skepticism about other diagnoses in the record did not trigger a duty to develop the record because development is only required where there is a direct conflict in the medical evidence or where the medical evidence is inconclusive.  *Id.* at 16.

Administrative social security hearings are non-adversarial, and therefore, ALJs are responsible for developing adequate records on the issues raised.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  However, "the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists."  *Hawkins*, 113 F.3d at 1167 (internal citations omitted).  Here, the parties disagree on whether Plaintiff adduced enough evidence of a mental impairment (or of the other, unidentified diagnoses) to trigger the ALJ's duty to further investigate.  She did not.  The Court has thoroughly reviewed the portions of the record to which Plaintiff cites.  They do not suggest a reasonable probability of a severe mental impairment.

Moreover, "[a]lthough the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record . . . and later fault the ALJ for not

---

feel helpless, I tire easy [sic]." *Id.*  Plaintiff also reported "I do get depressed, mad, and I cry 'cause my back hurts so bad [sic] even standing up." Tr. 198.  Finally, Dr. Saiz, an orthopaedist, noted that on Plaintiff's April 20, 2009 visit, she was "positive for increased thirst, difficulty sleeping, fatigue, night sweats, weight loss, shortness of breath, back pain, painful muscles and joints, constipation and weakness, altered sensation, hearing problems, *depression, memory loss, [and] lack of concentration*." Tr. 285 (emphasis added).

performing a more exhaustive investigation." *Maes*, 522 F.3d at 1097. In this case, Plaintiff was represented before the agency by licensed attorney Mark Hendricks. Tr. 39. Through Mr. Hendricks, Plaintiff succeeded in admitting evidence into the record at the hearing, but she did not otherwise indicate that she believed the record to be incomplete, either at the hearing or before the Appeals Council. Tr. 48, 222–24. Plaintiff was represented by an attorney, who did not object to the record as it stood before the agency. The ALJ had no duty to further develop the record, and Plaintiff fails to show that he erred in failing to order consultative examinations.

## V.   Conclusion

Remanded is required for findings on whether Plaintiff's hand-held assistive device is medically required and, therefore, affects her RFC. Further, the Commissioner shall explain why certain portions of Dr. Kando's opinion were adopted but others were rejected. Finally, a function-by-function analysis of Plaintiff's abilities is required.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 17] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**STEPHAN M. VIDMAR**
　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**
　　　　　　　　　　　　　　　　　　**Presiding by Consent**